**UNITED STATES BANKRUPTCY COURT**

**WESTERN DISTRICT OF MICHIGAN**

_____

| | |
|---|---|
| **MAKI, JULIE** | **Case No.: GK 04-03062**<br>**Chapter 7**<br>**Hon.  James D. Gregg**<br>**Hearing: None** |
| **Debtor(s)** | |

_____

| | |
|---|---|
| **MARCIA R. MEOLI, Trustee,** | **Adv. No.** |
| **Plaintiff,** | |
| **v.**<br>**WELLS FARGO HOME MORTGAGE, INC.** | |
| **Defendant.** | |

_____/

**COMPLAINT TO AVOID UNPERFECTED SECURITY INTEREST, FOR RECOVER OF MONEY AND FOR DECLARATORY RELIEF**

Marcia R. Meoli, trustee ("Plaintiff"), by her attorney states:

1. Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on March 12, 2004 ("Petition Date").

2. Plaintiff is the duly appointed trustee herein.

3. This court has jurisdiction over this proceeding pursuant to 28 USC 157 because this is a core proceeding.

4. This court has venue over this proceeding pursuant to 28 USC 1409 because this is a case arising under or related to the bankruptcy proceeding identified above and exceptions of 28 USC 1409(b) or (d) do not apply.

5. Debtor entered into a loan with security agreement with defendant on September 10, 2003.

6. Pursuant to the security agreement, debtor granted a security interest to defendant in a 2001 FOUR SEASON mobile home

Serial No. FS212175 (the "Mobile Home") (the "Security Interest").

## Count 1
## (Avoid security interest)

7. The Security Interest was not properly perfected as of the Petition Date:

A. It was not filed with the Michigan Secretary of State office as required for perfection under applicable law.

B. Plaintiff is aware of no affidavit of affixture for the Mobile Home

C. Plaintiff is aware of no surrender of the title to the Mobile Home to the Michigan Secretary of State.

8. The Security Interest is therefore avoidable pursuant to 11 USC 544 and Michigan law.

9. The Mobile Home was affixed to the real estate upon which it is located on after July 14, 2003.

## Count 2
## (Declaratory relief)

10. Plaintiff repeats the allegations contained in paragraphs 1 – 9 of this complaint.

11. At the time that debtor entered into the loan with security agreement with defendant, debtor also granted a mortgage to defendant in real estate located at 6511 120th Avenue, Fennville MI 49408.  The Mobile home and the real estate both constitute the Residence for purposes of this adversary proceeding.

12. This mortgage was properly perfected, according to the information provided to plaintiff.

13. If this court avoids the lien against the Mobile Home,

plaintiff requests that this court determine the relative values of the avoided lien, the non avoidable mortgage and the Residence as a whole, pursuant to In re: Spaniak, (BC MD Mi 1998) 221 BR 732.

WHEREFORE, trustee requests that this court:

    A.  Find and order that the Security Interest is avoidable pursuant to 11 USC 544.

    B.  Make findings and orders regarding the values of the avoided lien, the non avoidable lien and the Residence as whole as of the Petition Date, as proven;

    D.  Award attorney fees incurred by plaintiff; and

    E.  Order further relief deemed proper.

March 28, 2006                    HANN PERSINGER, P.C.
                                  Attorneys for plaintiff

                                  By:    /S/_____
                                         Marcia R. Meoli (P42182)

                                  P.O. Box 1559
                                  Holland, Michigan 49422-1559
                                  (616) 396-1245